**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 09-1355-02-PHX-NVW |
| Plaintiff, | **ORDER** |
| vs. | |
| Xochitl Padilla-Barron, | |
| Defendant. | |

By *ex parte* sealed order on March 28, 2011, (Doc. 130) the Court previously granted Defendant's Ex Parte Motion for Approval of Mitigation Services (Doc. 129) for authorization of Southwest Litigation Support, LLC, to render such services, not to exceed $2,400.00. On July 22, 2011, the Court vacated that order upon receiving information that Southwest Litigation Support, LLC, is in fact Mr. Jameson Johnson and that he is a convicted felon, which was not disclosed to the Court (or to Defendant's counsel). (Doc. 149.) Though no person has any entitlement to provide services or to receive compensation in Criminal Justice Act appointment cases or right to notice or hearing concerning removal from CJA appointment, by *ex parte* sealed order of August 9, 2011, the Court invited Mr. Johnson to provide by August 19, 2011, any information that he wishes concerning whether he is a convicted felon and failed to disclose it to the Court. Mr. Johnson was warned that if he did not timely respond to the invitation or if the Court concluded after a response that he is a convicted felon and that he did not disclose it to the Court, the Court was contemplating

filing on the public record an order so finding and confirming removal of Mr. Johnson and his company in this case. The *ex parte* sealed order of August 9, 2011, attached copies of two judgments of criminal conviction under the name of Jimmy Carroll Johnson, for which related documents show a date of birth and social security number the same as Mr. Jameson Johnson has used. Copies of those two judgments are also attached to this order. That time has expired, and Mr. Johnson has filed nothing.

Having considered the information in the two attached judgments of conviction and Mr. Johnson's failure to dispute that information, the Court concludes that Mr. Jameson Johnson is the same Jimmy Carroll Johnson who is the subject of the two judgments of criminal conviction attached to this order. The Court further finds that he failed to disclose those convictions to the Court (or to Defendant's counsel) in connection with seeking and obtaining, by and through Defendant's counsel, authorization to provide and be compensated for mitigation services under the Criminal Justice Act.

Motions and orders concerning court authorization for providers to indigent defendants under the Criminal Justice Act are routinely filed *ex parte* and under seal. The justification for that lack of public notice is criminal defendants' strategic interests of privacy in the defense of their cases. However, this order does not implicate that purpose, as it is apparent that Defendant is seeking mitigation information and will argue for mitigation of sentence based on her circumstances. This order does implicate broader public interests in transparency of court proceedings that would be defeated if this order were filed under seal. Therefore, after careful deliberation, the Court has concluded that this order must be filed in the public record of this Court.

The Court has not yet made a determination whether Mr. Johnson is entitled to be paid for services provided before the order of appointment was vacated if such payment is sought in the future.

IT IS THEREFORE ORDERED that the Order (Doc. 130) filed March 28, 2011, appointing Southwest Litigation Support, LLC, as mitigation specialists in this case is

vacated.

IT IS FURTHER ORDERED that Southwest Litigation Support, LLC, and Mr. Jameson Johnson, also known as Jimmy Carroll Johnson, are barred from providing any further services under the Criminal Justice Act in this case.

DATED this 22nd day of August, 2011.

*Neil V. Wake*
Neil V. Wake
United States District Judge

No. CR93-0049

Dept. No. 4

39849

**FILED**
May 18, 1993
JUDI BAILEY, Clerk
By M. _____
Deputy Clerk

IN THE SECOND JUDICIAL DISTRICT COURT

OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE

* * * * *

STATE OF NEVADA,

        Plaintiff,

vs.

JIMMY CARROLL JOHNSON,

        Defendant.

Reporter: D. Phipps

**JUDGMENT**

No sufficient cause being shown by Defendant as to why judgment should not be pronounced against him, the Court rendered judgment as follows:

That Jimmy Carroll Johnson is guilty of the crime of Robbery With The Use Of A Firearm as charged in Count I of the Information and that he be punished by imprisonment in the Nevada State Prison for the term of three and one-half (3 1/2) years with an additional consecutive term of three and one-half (3 1/2) years for the use of a deadly weapon. Defendant is given credit for one hundred sixty-two (162) days time served. Defendant is further ordered to pay restitution to the victim in the amount of Two Thousand Thirty Dollars ($2,030.00) and a Twenty-Five Dollar ($25.00) administrative assessment fee to the Washoe County Clerk.

Dated this 18 day of May, 1993.

Connie Steinheimer
DISTRICT JUDGE

CERTIFIED COPY
The document to which this certificate is attached is a full, true and correct copy of the original on file and of record in my office.
DATE: May 18, 1993
JUDI BAILEY, Clerk of the Second Judicial District Court, in and for the County of Washoe, State of Nevada
By_____ Deputy

IN THE CIRCUIT COURT OF THE STATE OF OREGON
FOR THE COUNTY OF CLACKAMAS

CASE # 95-0722

STATE OF OREGON

v.

Jimmy Carroll Johnson
— Defendant —

JUDGMENT OF CONVICTION AND SENTENCE
Judge R. WOOLHISER

1. Hearing Date: 10-9-96   Reporter/Tape No: _____
2. District Attorney: Matthew McHope   OSB#: _____
3. Defense Attorney: J. Gary McClain   OSB#: 61054
   ☐ Defendant is unrepresented and knowingly waived counsel
4. Defendant is convicted of the following offenses:

| Count | Offense | Plea | Verdict/Result |
|---|---|---|---|
| II | Robbery II | Guilty | Guilty |

☑ Defendant waived 48 hours delay before sentencing.
☑ Defendant has the present and future ability to pay financial obligations herein.
☑ Advised of Appeal Rights

Count: II
5. Sentence: Prison   Sentence Grid Classification: 6-D (13/14) Y
   ☐ Addendum attached for other counts
   ☐ Concurrent with _____
   ☐ Consecutive to _____

6. Departure Sentence
   ☐ This sentence is a durational departure and the court finds substantial and compelling reasons for the departure
   ☐ This sentence is a dispositional departure as stated in the record

7. Custody
   ☑ 13 months Department of Corrections to be followed by 2 years post-prison supervision.
   ☐ ___ months Gun minimum
   ☐ ___ years Dangerous Offender
   ☐ Fact findings on attached addendum
   ☐ Defendant waived 48 hr waiting period for transport

8. Fine $ _____   Suspended $ _____   Due $ _____

9. Assessments
   ☑ Pay all statutory assessments (to be calculated by the Trial Court Administrator)
   ☐ DUII conviction fee   ☐ DWS assessment
   ☑ Attorney fees $ 520

10. Probation ___ months ___ court ___ Corrections
    All general conditions
    ☐ Obey all laws and court orders
    ☐ To custody of Clackamas County Sheriff for _____ custody units in the county jail
    ☐ To custody of Clackamas County Corrections
       ☐ for ___ custody units in work release
       ☐ for ___ custody units in ESP program
       ☐ for ___ custody units in home confinement
       ☐ for ___ custody units in residential custodial treatment program
       ☐ for ___ custody units (___ hours) community service work
    ☑ Pay fines, fees, costs, assessments, restitution as set forth in the Money Judgment section of this order
    ☑ Includes attached and incorporated addendum
       ☐ drug package
       ☐ alcohol package
       ☐ sex offender package

11. Discharge
12. ☑ Counts dismissed: I   Cases dismissed _____
13. ☐ Driving privileges suspended   revoked for ___ years
14. ☑ Other orders: Credit for time served

Page 1 of 2

*Sid 12037221*

## MONEY JUDGEMENT (Total All Counts)

Case # **93-0722**

Judgement Creditor: State of Oregon
Judgement Debtor: **Jimmy Carroll Johnson**
Name and address of persons to whom court disburses restitution of compensatory fines: (may be payee's designatee)

1. _____  4. _____  7. _____

2. _____  5. _____  8. _____

3. _____  6. _____  9. _____

| Judgement Amount Detail (all counts) | Imposed | Suspended | Due |
|---|---|---|---|
| **Assessments: Cases Filed Before July 1, 1992** | | | |
| Victim's Assessment (CIC) | $ | | |
| BPST Assessment (BPAS) | | | |
| DWS Assessment (MVRA) | | | |
| County Assessment (CJAS) | | | |
| County Assessment (LEML) | | | |
| **Assessments: Cases Filed After July 1, 1992** | | | |
| Unitary Assessment (UNAS) | $ 94⁰⁰ | | 94 |
| County Assessment (CJAS) | | | |
| County Assessment (LEML) | | | |
| **Assessments: Incident Date after July 13, 1995** | | | |
| **Chapter 163 offenses** | | | |
| Dom Vio Assessment (DVAS) | $ | | |
| Fine | 520⁰⁰ | | 520 |
| Attorney's Fees | | | |
| Extradition costs | | | |
| DUII Conviction Fee | | | |
| Other Costs _____ | | | |

Compensatory fine ("C") / Restitution ("R") (see above)

1. ☐
2. ☐
3. ☐
4. ☐
5. ☐
6. ☐
7. ☐
8. ☐
9. ☐                                                                   614.—

TOTAL DUE

Terms of Payment
☐ Immediately due
☒ Payable per probation officer schedule, or _____, 19____
☐ At $ _____ per month, beginning on _____
☐ Bail or security is applied
☐ Restitution joint and several with _____
   in Case No _____
☒ Other *Payable as a cond then of PSI Probation Supervision*

If all or part of any monetary obligation is suspended it is shown above

Date of Judgement **10-9**, 19 **96**

_____
Circuit / District Judge

Page **2** of **2**